UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DIRECTV LLC,<br><br>        Plaintiff,<br><br>v.<br><br>ROSE HUI, a/ka ROSE M. HUI,<br>DENNIS YI HUI, and<br>HAIWEN, INC. ,d/b/a HUI'S CHINESE,<br>a/k/a HUI's CANTONESE AND<br>AMERICAN RESTAURANT,<br>a/k/a HUI'S RESTAURANT.<br><br>        Defendants. | Case No. 15-CV-226-JPS<br><br><br><br><br><br>ORDER |

  Plaintiff DIRECTV LLC, ("DIRECTV"), brings this action against Defendants, Rose Hui, a/k/a Rose M. Hui, Dennis Yi Hui, and Haiwen, Inc, d/b/a Hui's Chinese, a/k/a Hui's Cantonese and American Restaurant, a/k/a Hui's Restaraunt[1] (collectively "the defendants") for illegally receiving and displaying DIRECTV's satellite programming on April 22, 2014. (*See* Compl., Docket #1). This matter comes before the Count on DIRCTV's unopposed motion to dismiss the defendants' counterclaim (Docket #10), which the Court will grant for lack of opposition, and DIRECTV's motion for summary judgment, filed on September 30, 2015. (Docket #19). The motion for summary judgment is now fully briefed and ready for disposition. As discussed in detail below, the Court finds that material issues of fact preclude summary judgment and, thus, DIRECTV's motion for summary judgment will be denied.

---

[1]For clarity, the Court will simply refer to the restaurant as "Hui's Chinese Restaurant."

1. BACKGROUND

    1.1. Defendants' Failure to Follow Civil Local Rule 56 (b)(2)(B)

Before turning to the factual background of this case, the Court must first discuss the defendants' failure to comply with Civil Local Rule 56 (b)(2)(B). In opposing summary judgement, the defendants failed to respond to each of the numbered facts in DIRECTV's statement of proposed material facts (Docket #23), and further failed to provide any references to affidavits, declarations, parts of the record, or other supporting materials relied upon to support their own proposed findings of fact (Docket #30). As a result of the defendants' failure to comply with the local rules, the Court has discretion to deem admitted each of DIRECTV's submitted facts. *See Stevo v. Frasor,* 662 F.3d 880, 886-87 (7th Cir. 2011) ("[D]istrict court judges are entitled to insist on strict summary judgment filings.")

The Court, however, declines to exercise this discretion because the defendants' brief in opposition to the motion for summary judgment clearly identifies material facts that remain in dispute. Additionally, as discussed more fully below, the defendants' argument largely rests on factual disputes that can be observed in DIRECTV's own submitted video evidence. As such, the Court views the facts in the light most favorable to the defendants as the non-moving party, as it must, and draws all reasonable inferences in their favor. *See Tebbens v. Mushol,* 692 F.3d 807, 815 (7th Cir. 2012).

    1.2 Factual Background[2]

DIRECTV is the United States' leading direct broadcast satellite service. (PPFF ¶ 38). DIRECTV offers its television programming to

---

[2]Unless otherwise noted, the following facts are extracted from DIRECTV's proposed findings of fact ("PPFF") (Docket #23) and the defendants' proposed findings of fact ("DPFF") (Docket #30).

residential and business customers on a subscription and pay-per-view basis only. (PPFF ¶ 39). In order to receive and view DIRECTV satellite programming, each customer is required to obtain DIRECTV satellite hardware (including a small satellite dish and DIRECTV integrated receiver/decoder with DIRECTV access card) and is required to establish an account with DIRECTV. (PPFF ¶ 40). DIRECTV's residential and commercial subscribers use the same satellite receiving equipment to receive DIRECTV programming signals. (PPFF ¶ 42).

Rose Hui and Dennis Hui operate Hui's Chinese, a restaurant in Wauwatosa, Wisconsin. (Defs' Opp. at 1). Haiwen, Inc., is a corporation that has ownership of the restaurant, and Rose Hui is the registered agent for Haiwen, Inc. (PPFF ¶ 2). During the relevant time period, Rose and Dennis Hui were principals of Haiwen, Inc. (PPFF ¶¶ 10, 11). Currently, Rose Hui and Dennis Hui are the only employees of the restaurant, (Defs' Opp. at 1), however, as of April 22, 2014, the restaurant employed one other individual, Yan Hong Ruan. (PPFF ¶ 33).

On May 15, 2007, Rose Hui activated a residential account, number 038584454 with DIRECTV with an address located at 12500 Laurel Ln., Elm Grove, WI 53122. (PPFF ¶ 24). The account allowed for several televisions to be used. (DPPF ¶ 1). Near the end of 2012, the defendants moved one of those televisions to Hui's Restaurant so that Rose Hui could watch Chinese programing while at work. (DPPF ¶ 2). The defendants maintain that the television was located in the restaurant for Rose Hui's personal viewing only. (DPPF ¶ 3).

On April 22, 2014, a DIRECTV auditor, Mark Butler, arrived at Hui's restaurant at approximately 8:56 p.m. (Docket #20-1 at 2-3). During this visit, the auditor took pictures and a video of his visit. (Docket #20-1 at 4.). While

in the restaurant, the investigator observed "DIRECTV programming, a DIRECTV remote control and a DIRECTV receiver," and "the DIRECTV blue information banner and the DIRECTV Receiver ID number 249784 on one television." (PPFF ¶¶ 36, 37). On this date, it is undisputed that there was no DIRECTV commercial account for Hui's Chinese Restaurant. (PPFF ¶ 44).

Count I of the Complaint alleges that the defendants violated certain provisions of the Communications Act of 1934, 47 U.S.C. § 605 ("§ 605"). Count II alleges that the defendants violated Title 18 U.S.C. § 2511, and Count III alleges a state law claim for civil conversion. DIRECTV moved for summary judgment on Count I only.[3]

2.  LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

3.  DISCUSSION

DIRECTV's motion for summary judgment contends that the undisputed facts establish that the defendants violated § 605 because they

---

[3]DIRECTV's motion is far from clear as to what specific counts it brings its motion for summary judgment. However, the only law mentioned in its brief is § 605, and, therefore, the Court construes their motion as claiming summary judgment as to Count I only.

did not have the right to exhibit DIRECTV programing in a commercial establishment. (Pl's Opening Brief at 13). The defendants oppose the motion and argue that factual disputes exist to preclude summary judgment, or, in the alternative, that the Court should grant summary judgment for the defendants because DIRECTV has "displayed their inability to prove their allegations." (Defs' Opp. at 5). As discussed below, the Court finds that factual issues exist precluding summary judgment, and, therefore, will deny DIRECT's motion.

Section 605, states, among other things, that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a).[4] DIRECTV alleges that on April 22, 2014, the defendants, without obtaining valid commercial exhibition rights, willfully received and displayed DIRECTV Satellite Programming to the public and for commercial benefit or financial gain. (Pl's Opening Br. at 2).

In support of its motion, DIRECTV relies almost exclusively on the evidence provided by its investigator who visited the restaurant on April 22, 2014, which includes a video of the visit. Although DIRECTV maintains this evidence conclusively establishes the defendants' liability, several factual questions remain unaddressed that, in the end, preclude granting summary judgment. First, the investigator took pictures outside the restaurant at approximately 8:55 p.m., went inside to take a video, and left the establishment at approximately 9:06 p.m. (Docket #20-1 at 2-3). From the

---

[4]In *United States v. Norris,* 88 F.3d 462 (7th Cir. 1996), the Seventh Circuit clarified that § 605 governs cable television programming that travels through the air, such as a satellite. *Id.* at 468.

video, the restaurant appears to be dark and empty except for the presence of the defendants themselves, who appear to be cleaning. It is unclear whether the restaurant was even open to the public at that time, although the defendants admit the video was technically taken five minutes before closing. (*See* Defs' Opp. at 2).

Second, it is also unclear whether the defendants themselves displayed the DIRECTV programing in the restaurant that evening or whether the investigator turned on the programing. The video initially shows that a Chinese program was playing; based on the video, however, it is impossible to tell who turned on the television. Then, in the middle of the video, the television channel is changed to a sports program, which the defendants maintain they do not watch. As the defendants argue, at this point in the video it is unclear whether the investigator changed the channel or one of the defendants changed it. (Defs' Opp. at 3). In contrast to DIRECTV's allegations, the defendants maintain that they "never exhibited Directv programming to the public." (Defs' Opp. at 3).

The Court finds these disputed facts material to the outcome of this suit because the investigator appears to be the entire source of DIRECTV's evidence regarding the defendants' alleged violations. If a jury found that the investigator entered the restaurant when it was constructively closed to the public and turned on the DIRECTV satellite programing himself, the jury would have reasonable basis to find in favor of DIRECTV. Thus, taking the evidence in the light most favorable to the defendants, the Court finds that genuine disputes exist regarding the material facts of this case. As such, the Court is obliged to deny DIRECTV's motion for summary judgment.

4. CONCLUSION

In sum, material issues of fact exist that preclude summary judgment in this instance. As such, the Court will deny DIRECTV's motion for summary judgment and this case will proceed to trial as scheduled.

Accordingly,

IT IS ORDERED that DIRECTV's motion for summary judgment (Docket #19) be and the same is hereby DENIED, as more fully described in detail above, and that this action proceed to trial; and

IT IS FURTHER ORDERED that the plaintiff's unopposed motion to dismiss the defendants' counterclaim (Docket #10) be and the same is hereby GRANTED.

Dated at Milwaukee, Wisconsin, this 15th day of January, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge